UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PAUL C. JONES (#403455)

VERSUS                                          CIVIL ACTION

DOCIA L. DALBY                                  NUMBER 12-683-JJB-SCR

**RULING**

Pro se plaintiff, an inmate currently confined at Caldwell Correctional Center, Grayson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against United States Magistrate Judge Docia L. Dalby.

Plaintiff alleged that on April 21, 2011, he filed *Paul C. Jones v. United States of America, et al*, CV 11-270-JJB-DLD, a civil rights complaint naming over 146 defendants, including but not limited to the United States, the United States Supreme Court, the United States Congress, the State of Louisiana, the State of Mississippi, the State of Florida, the State of Kansas, the Louisiana Legislature, the Louisiana Supreme Court, the Louisiana Governor's Office, the Louisiana Ethics Board, East Baton Rouge Parish, West Baton Rouge Parish, Escambia County, Florida, various Louisiana district courts, Louisiana judges, sheriffs, state crime lab personnel, district attorneys, public defenders, attorneys, law enforcement officials and jail administrative, medical and corrections personnel.

Plaintiff alleged that Magistrate Judge Dalby was assigned to CV 11-270-JJB-DLD and has failed to order service of the complaint on the defendants. Plaintiff sought an order directing Magistrate Judge Dalby to take such actions in CV 11-270-JJB-DLD as are necessary to "timely, expeditously (sic) and properly" dispose of the matter.

Under 28 U.S.C. § 1915(e)(2)(B) the court may dismiss an in forma pauperis complaint when it is found to be frivolous, malicious or fails to state a claim upon which relief may be granted. A complaint is legally frivolous when (1) the complaint has no realistic chance of ultimate success; or (2) it has no arguable merit in terms of the arguable substance of the claims presented, both in law and in fact; or (3) beyond doubt, the plaintiff can prove no set of facts in support of her claims which would entitle him to relief. *See, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

A writ of mandamus "is an appropriate remedy for exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion." *In re Volkswagen of America, Inc.*, 545 F.3d 304, 309 (5th Cir. 2008)(en banc) (internal quotation marks and citation admitted). Three requirements must be satisfied before writ of mandamus may be issued: (1) the petitioner must have no other adequate means to obtain the relief requested; (2) the petitioner must show a clear and indisputable right to the relief

2

Case 3:12-cv-00683-JJB-SCR   Document 3   11/14/12   Page 2 of 3

requested; and (3) the court, in its discretion, must be satisfied that issuance of the writ is appropriate under the circumstances. *Id.* at 311.

A review of CV 11-270-JJB-DLD showed that the magistrate judge has not been dilatory. As a result, the plaintiff cannot show a clear and indisputable right to the relief requested.

Accordingly, the plaintiff's complaint shall be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert consistent with the facts alleged in his complaint.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, November 9th, 2012.

_____
JAMES J. BRADY
UNITED STATES DISTRICT JUDGE

3